IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN S. KARLS<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF UTAH<br><br>Defendant. | **MEMORANDUM DECISION REPORT & RECOMMENDATION**<br><br>Case No: 2:07CV00445<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

John S. Karls, a citizen of Utah,[1] filed a pro se complaint against the State of Utah.[2]  The

State of Utah, through its counsel, Assistant Attorney General David Sonnerich, filed a Fed. R.

Civ. P. 12(B)(6) motion to dismiss for failure to state a claim.[3]  After reviewing Mr. Karls'

complaint, the court concludes that it should be dismissed because the State of Utah is immune

from suit in this matter by virtue of the Eleventh Amendment of the United States Constitution.

The Eleventh Amendment provides States with immunity against "any suit in law or

equity, commenced or prosecuted . . . by Citizens of another State . . . ."  U.S. CONST. amend. XI.

In interpreting this language, The U.S. Supreme Court held in *Tennessee v. Lane*, 541 U.S. 509,

517 (2004) that the States' Eleventh Amendment immunity also applies "to unconsented suits

---

[1]Docket no. 13 at 4, filed August 2, 2007.

[2]Docket no. 1, filed July 3, 2007.  The Plaintiff's amended complaint, Docket no. 6. filed July 10, 2007, also named the State of Utah as the Defendant.

[3]Docket no. 8, filed July 18, 2007.

brought by a State's own citizens."  (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000)).[4]  Thus, Mr. Karls cannot claim an exception to the Eleventh Amendment by virtue of the fact that he is a citizen of Utah and he is bringing a claim against the state of his citizenship.

The Court in *Tennessee v. Lane* further held that "Congress may abrogate the State's Eleventh Amendment immunity", but only if two conditions were met: 1) that Congress "unequivocally expressed its intent to abrogate that immunity", and 2) that "Congress acted pursuant to a valid grant of constitutional authority."  *Id.*  (internal citation omitted).  In the present case, the Plaintiff did not allege that the State of Utah has violated any federal law under which Congress unambiguously abrogated Utah's Eleventh Amendment sovereign immunity. Thus, the Plaintiff has not identified any exception to the Eleventh Amendment that would allow him to bring his claim against the State of Utah.

### RECOMMENDATION

Given the State of Utah's Eleventh Amendment immunity against suits and the lack of any Congressional abrogation of that immunity in this case, the court concludes that Defendant's motion to dismiss[5] should be **GRANTED**, and the complaint dismissed for failure to state a claim.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation.  The parties

---

[4]The history of this United States Supreme Court interpretation of the Eleventh Amendment goes back to *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[5]Docket no. 8, filed July 18, 2007.

are further notified that they must file any objections to the Report and Recommendation with the

clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.

Failure to file objections may constitute a waiver of the objections on subsequent appellate

review.


September 6, 2007.


BY THE COURT:


David Nuffer
U.S. Magistrate Judge